UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL D. GRAY,

    Plaintiff,

v.                                    Case No.: 2:09-cv-00911-WEC

FEDEX SMARTPOST,

    Defendant.

_____

## ANSWER
_____

Defendant FedEx SmartPost, Inc. ("FedEx SmartPost"), by and through its undersigned counsel, hereby submits the following Answer to Plaintiff Michael D. Gray's Complaint in this matter, filed September 21, 2009 (the "Complaint"), and states as follows:

    1.    FedEx SmartPost lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph I.A. of the Complaint, and therefore denies the same.

    2.    FedEx SmartPost lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph I.B. of the Complaint, and therefore denies the same.

    3.    FedEx SmartPost lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph I.C. of the Complaint and its subparagraphs, and therefore denies the same.

4. FedEx SmartPost admits the allegations in Paragraph II.A. of the Complaint.

5. Upon information and belief, FedEx SmartPost admits the allegations in Paragraph II.B. of the Complaint.

6. As to the allegations of Paragraph II.C. of the Complaint, FedEx SmartPost states that its correct corporate name is FedEx SmartPost, Inc.

7. As to the allegations in Paragraph II.D. of the Complaint, FedEx SmartPost admits that it operates a facility at the stated address.

8. As to the allegations in Paragraph III of the Complaint, FedEx SmartPost admits that Plaintiff was hired as a part-time Parcel Assistant in November 2006; that Plaintiff became a full-time Parcel Assistant in June 2007; that for a brief period in June-July 2007 Plaintiff was assigned to assist a Lead Parcel Sorter; and that Plaintiff then returned to his regular duties as a Parcel Sorter at his own request. FedEx SmartPost denies the remaining allegations in Paragraph III of the Complaint.

9. FedEx SmartPost denies the allegations in Paragraph IV of the Complaint.

## **AFFIRMATIVE DEFENSES**

FedEx SmartPost alleges the following affirmative defenses with respect to the claims alleged in the Complaint:

10. FedEx SmartPost hereby incorporates its denials and allegations in Paragraphs 1 through 9 above, as if set forth here in full.

11. The Complaint fails to state a claim upon which relief can be granted, in whole or in part, against FedEx SmartPost.

12. The Complaint, and each of its purported claims, is barred because Plaintiff has failed to plead his claims with sufficient particularity.

13. The Complaint is barred in whole or in part by the applicable regulatory and statutory limitations periods.

14. Plaintiff failed to exhaust and/or fulfill all administrative prerequisites prior to filing the Complaint.

15. Plaintiff is barred from claiming discrimination to the extent that such claims are beyond the scope of his charge(s) filed with the Equal Employment Opportunity Commission and/or the Wisconsin Equal Rights Division.

16. To the extent that Plaintiff incurred any damages as a result of any act or omission of FedEx SmartPost or of its agents or employees, which FedEx SmartPost denies, Plaintiff failed to mitigate his damages.

17. Plaintiff's damages, if any, were proximately caused in whole or in part by persons other than FedEx SmartPost, including Plaintiff himself, and Plaintiff's recovery, if any, must be denied or reduced accordingly.

18. To the extent that Plaintiff has suffered any emotional distress (and FedEx SmartPost denies that Plaintiff has suffered such distress), such emotional distress was proximately caused in whole or in part by factors other than Plaintiff's employment, the actions of FedEx SmartPost or anyone acting on its behalf, or either of these.

19. Plaintiff's damages are barred, in whole or in part, by the doctrine of after-acquired evidence.

20. FedEx SmartPost has a well-publicized policy against discrimination or harassment in the workplace on the basis of race or any other protected characteristic, which was known to Plaintiff.

21. Plaintiff's claims are barred because Plaintiff failed to utilize existing internal procedures, including complaint procedures, and/or did not put FedEx SmartPost on reasonable notice of matters constituting alleged discrimination.

22. Plaintiff's claims are barred, in whole or part, by the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

23. FedEx SmartPost's actions with respect to the Plaintiff were at all times privileged, necessary, fully justified, and supported by good faith and in furtherance of FedEx SmartPost's competitive and economic interests.

24. At all times relevant hereto, FedEx SmartPost acted without an intent to discriminate and without an intent to engage in any

unlawful employment practice. FedEx SmartPost acted in good faith and with reasonable grounds to believe that it was not violating Title VII of the Civil Rights Act of 1964, as amended, other federal law, state law, and/or common law.

25. At all times during his employment at FedEx SmartPost, Plaintiff was without an employment contract and, as such, was an "at will" employee.

26. To the extent Plaintiff seeks injunctive relief, penalties, punitive damages, or exemplary damages, the Complaint fails to state facts sufficient to support such claims, and such claims are precluded by statute, or violate the Due Process rights of FedEx SmartPost.

27. If Plaintiff is able to prove any discrimination or retaliation, Defendant reserves the right to bring a mixed motive defense.

28. FedEx SmartPost expressly reserves the right to plead additional defenses, and other matters of defense, to the Complaint by way of amendment after further discovery.

WHEREFORE, Defendant FedEx SmartPost respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that FedEx SmartPost be awarded costs of suit and be granted such other and further relief as this Court deems just and proper.

Respectfully submitted this 30<u>th</u> day of November 2009.

**MICHAEL BEST & FRIEDRICH LLP**

/s/ Eric E. Hobbs
Eric E. Hobbs, SBN 1008671
Lucinda J. Schettler, SBN 1047068
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202-4108
Phone: (414) 271-6560
Fax: (414) 277-0656
eehobbs@michaelbest.com

Attorneys for Defendant

T:\CLIENTA\016889\0001\A3602226.1